[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this petition for a writ of habeas corpus, petitioner claims that respondent Commissioner of Corrections has improperly compiled the credits for his statutory good time thereby illegally extending his period of confinement.
For reasons hereinafter stated, the petition is granted.
The underlying facts, which are not in dispute, show that petitioner was incarcerated under a mittimus issued on December 10, 1984, in the Judicial District of New London after a conviction for the class A felony of felony murder in violation of General Statutes § 53a-54c. The sentence imposed was life execution suspended after twenty-five years with probation.[1]
CT Page 11766
On February 5, 1985, petitioner received two additional one-year sentences. Both sentences were concurrent with each other and with the previous sentence. Petitioner also received two one-year sentences on December 21, 1989. These sentences were concurrent with each other but consecutive to the sentence imposed on December 10, 1984. Petitioner's total effective sentence is twenty-six years. The twenty-five year sentence imposed on December 10, 1984, is the controlling sentence and this petition is directed at that sentence. The sentence was for a crime committed after July 1, 1981, but before July 1, 1983. Petitioner is therefore entitled to credits in reduction of his sentence under the provisions of General Statutes § 18-7a(b) which provides in pertinent part:
 (b) Except as provided in subsection (c), any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1981, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence in the amount of ten days for each month and pro rata for a part of a month up to five years and twelve days for each month and pro rata for a part of a month for the sixth and each subsequent year of a sentence which is more than five years.
The principal issue presented by the petition is whether or not petitioner must be incarcerated for five calendar years before he can earn statutory good time at the rate of twelve days per month.
Using the "posting method," petitioner was credited with good time calculated in advance for his full sentence at the commencement of the sentence. Seno v. Commissioner,219 Conn. 269, 275 (1991).
In computing the credits to which petitioner was entitled, the respondent awarded 600 days based upon five years at ten days per month and 2,880 eighty days at the enhanced rate of twelve days per month for twenty years. These credits totalling 3,480 CT Page 11767 days were posted on petitioner's time sheet.
Petitioner was also credited with 234 days jail credit for pretrial confinement and seventy-eight days jail credit for such confinement. Although it does not appear on the time sheet, petitioner is also entitled to 120 days meritorious good time.
In the above calculations, petitioner would be required to serve a full five calendar years before he could earn statutory good time at the rate of twelve days per month.
In Seno v. Commissioner, 219 Conn. 269, the Supreme Court addressed the issue presented here, but in connection with General Statutes § 18-7a(c). This section was an amendment to § 18-7a designed to abolish the posting method and replace it with a system whereby good time would be earned as the sentence was served. The only difference between the two subsections is that subsection (c) was amended to contain the phrase "as such sentence is served" and the word "served." The effect of this change was to alter the time at which statutory good time was to be awarded so that good time would be earned as the sentence was served. Seno v. Commissioner, supra, 281.
With respect to the issue presented in the case at bar, the court determined that subsection (c) required that the commissioner "calculate a prisoner's sentence at the rate of twelve days per month once his confinement time and statutory good time total five years." Id. 282. In arriving at this determination, the court found that the same rule applied to § 18-7a(a) and § 18-7a(b).
It must then be concluded that in accordance with Seno, the respondent must consider statutory good time along with confinement time in determining when petitioner is entitled to earn statutory good time at the enhanced rate of twelve days for each month and pro rata part of a month.
Accordingly, the petition is granted. The respondent is ordered to recalculate the credits which petitioner has earned pursuant to General Statutes § 18-7a(b) and to amend petitioner's time sheet to reflect the additional credit at the enhanced rate.
Joseph J. Purtill, Judge Trial Referee CT Page 11768